UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT OF TEXAS
                                        United States District Court
                                        Southern District of Texas
                                              **ENTERED**
                                            March 18, 2020
                                           David J. Bradley, Clerk

Lorraine Green, §
§
    Plaintiff, §
§
versus §   Civil Action H-19-2763
§
Financial Recovery Services, Inc., §
§
    Defendant. §

## Opinion on Dismissal

  Lorraine Green brought this lawsuit against Financial Recovery Services, Inc., alleging that Financial Recovery's collection letter was deceptive and unfair, violating the Fair Debt Collection Practices Act and Texas Debt Collection Act.

  The collection letter says: "While your account is with our office, if you pay $673.82, the above-referenced [sic] account will be considered paid in full." Green claims that the words "[w]hile your account is with our office" misled her to believe that the balance of her debt "may increase" once it was given to another debt collector.[1]

  Nothing about the temporal language would mislead even the least sophisticated consumer. The letter simply stated that the balance listed would fully resolve the account while Financial Recovery has it. Even taking Green's inference as true, she has no claim under the federal or Texas statute because a future debt collector could choose to seek interest under Texas law.[2] Financial Recovery clearly explained its handling of the debt; it cannot speak for what will

---

[1] Compl. 5; see id. at 3.

[2] TEX. FIN. CODE § 302.002; see Salinas v. R.A. Rogers, Inc., No. SA-18-CV-733-XR, 2019 WL 2465325, at *5 (W.D. Tex. June 13, 2019).

happen to the debt once it is out of its office's control. The language is neither false nor misleading.

Financial Recovery's letter to Green continues with an offer to settle her account for $336.91. Green cannot have been injured by a letter that offers to decrease her debt by 50%. Green's claim that she was misled by the debt collector's offering to discount her debt is irrational. It turns a good faith attempt to negotiate a lesser amount into an accusation of mistreatment.

No reasonable consumer would understand the letter as anything other than a generic settlement offer. The collection letter would deceive no one. Lorraine Green's allegations are mendacious. The objective data preclude her subjective interpretation from being true.

This case will be dismissed with prejudice for failing to state a claim.

Signed on March 17, 2020, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge